# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST SAINT LOUIS DIVISION

|  |  |
|---|---|
| ANN BARTON, *individually and on behalf of all others similarly situated*, | |
| Plaintiff, | Case No. 3:20-cv-499 |
| v. | |
| SWAN SURFACES, LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Ann Barton, individually and on behalf of all other persons similarly situated, by her undersigned attorneys, as and for her Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant Swan Surfaces, LLC ("Swan" or "Defendant"), alleges on personal knowledge, due investigation of her counsel, and, where indicated, on information and belief as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using her and other similarly situated individuals' biometric identifiers[1] and/or biometric information[2] (referred to collectively at times as "biometrics") without obtaining informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

---

[1]      A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry", among others.

[2]      "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

1

2.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed.  Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.     In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it informs that person in writing that biometric identifiers or information will be collected or stored.  *See* 740 ILCS 14/15(b).

4.     The BIPA further requires that entities collecting biometrics must inform those persons in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored and used.  *See id.*

5.     Moreover, entities collecting biometrics must publish publicly available written retention schedules and guidelines for permanently destroying biometrics collected.  *See* 740 ILCS 14/15(a).

6.     Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information.  *See* 740 ILCS 14/15(c).

7.     Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from an individual's biometrics.  *See* 740 ILCS 15/15(c).

8.	In direct violation of each of the foregoing provisions of §§ 15(a) and 15(b) of BIPA, Defendant collected, stored and used–without first providing notice, obtaining informed written consent or publishing data retention policies–the fingerprints and associated personally identifying information of hundreds of its employees (and former employees), who are being required to "clock in" with their fingerprints.

9.	This practice of requiring employees to "clock in" using their fingerprints was in place at least since approximately November 2019.

10.	Plaintiff left Defendant's employ in approximately January 2020 and was "clocking in" using her fingerprints during her tenure of employment with Defendant.

11.	If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive and immutable biometric identifiers and/or biometric information belong could have their identities stolen, among other serious issues.

12.	BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

13.	But despite that BIPA has been the law for more than a decade, Defendant never adequately informed Plaintiff or the Class of its biometric collection practices, never obtained the requisite written consent from Plaintiff or the Class regarding its biometric practices, and never provided any data retention or destruction policies to Plaintiff or the Class.

14.	Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least one of the class members of the proposed class of plaintiffs is a citizen of a State different from Defendant within the meaning of 28 U.S.C. § 1332(d).

16. This Court has personal jurisdiction over Defendant because the conduct that gave rise to this lawsuit occurred in this District. Specifically, Defendant collected, stored, and used Plaintiff's and the Class's biometrics at its location in Centralia, Illinois, which is situated in this District.

17. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and omissions underlying Plaintiff's claims occurred in Centralia, Illinois. *See* 28 U.S.C. § 1331(b)(2). In addition, a substantial part of the property that is the subject of the claims (*i.e.* Plaintiff's and the class members' biometric identifiers and/or biometric information) is situated in Centralia, Illinois. *Id.*

**PARTIES**

18. Plaintiff was, at all relevant times, a resident and citizen of Illinois.

19. Defendant Swan Surfaces, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in St. Louis, Missouri. Accordingly, Defendant is a citizen of Delaware and Missouri. *See* 28 U.S.C. § 1332(d)(10) (citizenship of unincorporated association is determined by state of incorporation and principal place of business); *Ferrell v. Express Check Advance of South Carolina LLC*, 591 F.3d 698, 705 (4th Cir. 2010) (limited liability companies qualify as unincorporated associations under 28 U.S.C. § 1332(d)).

# FACTUAL BACKGROUND

## I.    Illinois' Biometric Information Privacy Act.

20.    In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

21.    Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

22.    As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violated all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the

retention and permanent destruction of individuals' biometric identifiers and biometric information also violated § 15(a) of BIPA.

**II.    Defendant Violated Illinois' Biometric Information Privacy Act.**

23.    Unbeknownst to the average person, and in direct violation of § 15(b)(1) of BIPA, Defendant scanned and collected, and then indefinitely stored in an electronic database, digital copies of each employee's fingerprints during the employee onboarding process from at least approximately November 2019 to at least approximately January 2020, and on each occasion an employee clocks in or out of one of Defendant's Illinois-based facility – all without ever informing anyone of this practice in writing.

24.    In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, from at least approximately November 2019 to at least approximately January 2020, Defendant never informed Illinois employees who had their fingerprints collected of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from these individuals.

25.    In direct violation of § 15(a) of BIPA, from at least January 2020, Defendant did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying any of these biometric identifiers or biometric information.

**III.    Plaintiff Ann Barton's Experience.**

26.    Plaintiff began working for Defendant in or around November 2019.

27.    During the course of Plaintiff's employment, Defendant required Plaintiff to place her fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

28.     Plaintiff worked for Defendant until approximately January 2020. During her employment tenure, Plaintiff was required to place her fingers on a fingerprint scanner, which scanned, collected and stored her fingerprints each time she "clocked" in and out as part of the timekeeping system.

29.     Then, Defendant's fingerprint matching technology compared Plaintiff's scanned fingerprint against the fingerprint previously stored in Defendant's fingerprint database.

30.     On each occasion of "clocking in," Plaintiff was granted access to Defendant's facility in order to begin work.

31.     Plaintiff never consented, agreed or gave permission–written or otherwise–to Defendant for the collection or storage of her unique biometric identifiers and/or biometric information.

32.     Further, Defendant never provided Plaintiff with nor did she ever sign a written release allowing Defendant to collect or store her unique biometric identifiers and/or biometric information.

33.     Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers and/or biometric information.

34.     By collecting Plaintiff's unique biometric identifiers and/or biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

35.     Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and/or biometric information.

36. Defendant's acts and omissions denied Plaintiff the opportunity to consider whether the terms of Defendant's collection, storage, and usage of her biometric identifiers and/or biometric information were acceptable given the attendant risks, and denied her the ability to use the undisclosed information in the way BIPA envisioned, all of which harmed her concrete interests that the legislature sought to protect by enacting BIPA.

## CLASS ALLEGATIONS

37. **Class Definition:** Plaintiff brings this action on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who, while residing in the State of Illinois, had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant.

38. Plaintiff represents and is a member of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's employees and agents, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

39. Plaintiff and all members of the Class have been harmed by Defendant's acts and omissions.

40. Defendant's acts and omissions denied the Class the opportunity to consider whether the terms of Defendant's collection, storage, and usage of their biometric identifiers and/or biometric information were acceptable given the attendant risks, and denied them the ability to use the undisclosed information in the way BIPA envisioned, all of which harmed their concrete interests that the legislature sought to protect by enacting BIPA.

41. Plaintiff represents and is a member of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's employees

and agents, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

42.     **Numerosity:** The number of persons within the Class is substantial and includes hundreds of persons.  It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's and/or third parties' records.

43.     **Commonality and Predominance:** There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers and/or biometric information;

(b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff and the Class' biometric identifiers and/or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them; and

(f) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

44.     **Typicality:** As a person whose biometric identifiers and/or biometric information Defendant collected, stored, and used without first providing notice, obtaining informed written consent, and publishing the required data retention policy, Plaintiff asserts claims that are typical of the members of the Class.

45.     **Adequate Representation:** Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action.  Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class.  Neither Plaintiff nor her counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims.  If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

46.     **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay

and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

### COUNT I – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

49. Defendant failed to comply with these BIPA mandates.

50. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

51. Plaintiff is an individual who had her "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

52. Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

53.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

54.     Upon information and belief, Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and have not and will not destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

55.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### COUNT II – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

56.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

57.     BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in

writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

58.    Defendant failed to comply with these BIPA mandates.

59.    Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

60.    Plaintiff and the Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

61.    Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

62.    Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

63.    Defendant never informed Plaintiff, and never informed any member of the Class at least prior to January 2020, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

64.    By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and/or biometric information as described herein, Defendant violated Plaintiff's and the

Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

65.    On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ann Barton, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq*.;

C. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.


Dated: May 29, 2020                    Respectfully submitted,

**ANN BARTON, individually and on behalf of all others similarly situated,**

By: /s/ William M. Sweetnam

William M. Sweetnam (ARDC 6226203)
KEOGH LAW, LTD.
55 W. Monroe St., Suite 3390
Chicago, Illinois 60603
Tel.: (312) 726-1092
Fax: (312) 726-1093
wsweetnam@keoghlaw.com

*Attorney for Plaintiff and the Putative Class*